UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14021 -CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,
    Plaintiff,

v.

DAVID ROBERT SUTTON,
    Defendant.
_____/

GOVERNMENT'S FIRST SUPPLEMENTAL RESPONSE TO
THE STANDING DISCOVERY ORDER

The United States hereby files this first supplemental response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    Enclosed, please find a copy of one (1) DVD disc which contains recordings of March 10, 2015, surveillance of the defendant. In addition, enclosed are two (2) discs containing results from a Search Warrant served upon Google, Inc. for emails from the account *redstaravaiation@gmail.com*.

             The entire production by Google in response to the Search Warrant proved too large for these discs, and the remainder of the production will be produced as soon as transferred to a suitable storage device.

       2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached. (ROI3.)

       5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the United States Attorney's Office, 101 South US Highway 1, Suite 3100, Fort Pierce, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

> The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     No contraband is involved in this indictment.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in

the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

1. The firearms seized from the defendant at the time of arrest are "machine guns" as that term is defined in Title 18, United States Code, Section 921(a) (23) and Title 26, United States Code, Section 5845 (b), that is, it is a frame or receiver of a weapon which is designed to shoot, or can be readily restored to shoot, Automatically more than one shot, without manual reloading, by a single function of the trigger.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time:  See Indictment
        Date:  See Indictment
        Place: See Indictment

There are eighteen (18) pages of attachments, one video recording, and two email data compilations, included on three (3) discs with this response. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/Theodore Cooperstein*
Theodore M. Cooperstein
Court ID 5501084
Assistant United States Attorney
Theodore.cooperstein2@usdoj.gov
United States Attorney's Office
101 South US Highway 1, Suite 3100
Fort Pierce, FL 34950
Telephone: 772-466-0899
Facsimile: 772-466-1020
Attorney for United States of America

cc: Special Agent James Burroughs / ATF
Special Agent James Macek / HSI

### CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015, I electronically filed the foregoing Government's First Supplemental Response to the Standing Discovery Order with the Clerk of the Court using CM/ECF. I also certify that the accompanying discovery materials were sent via FedEx on May 15, 2015, to: James L. Eisenberg, Esq., 250 Australian Avenue South, Suite 704, West Palm Beach, Florida 33401.

*s/Theodore M. Cooperstein*
Theodore M. Cooperstein A5501084
Assistant United States Attorney