# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.  15-14021 -CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,

v.

DAVID ROBERT SUTTON,
      Defendant.

_____/

## STIPULATION AS TO FACTUAL BASIS FOR GUILTY PLEA

The United States of America and DAVID ROBERT SUTTON (hereinafter referred to as the "Defendant") stipulate as to the following facts, as the basis for his plea of guilty in this case, and which, if this case went to trial, the Government would prove (along with other facts) beyond a reasonable doubt:

1.      Defendant is a collector and owner of firearms and is familiar with the legal requirements for registration and tax payment in order to lawfully possess certain types of firearms subject to the National Firearms Act, as codified in Title 26, United States Code. Included in those types subject to registration and tax are automatic firearms classified as machine guns.

2.      Defendant, in September 2014, contacted an acquaintance in Germany by email. Defendant asked his German acquaintance to purchase for him three lower receivers for Colt M16A1 automatic rifles (defined by statute at 26 U.S.C. § 5845(b) as machine guns), as advertised for sale in a website link, which link Defendant included in his email. The website of the seller described the offered lower receivers as capable of firing in a full automatic capacity.

3.     In response to the German's questioning the legality of the purchase/shipment of the three receivers, Defendant dismissed the possibility of their illegality in the United States. The German then proceeded to buy and obtain the firearms, and notified Defendant that he had done so, in October 2014.

4.     Defendant instructed the German buyer to ship the three lower receivers to Defendant by FedEx international shipping, and to mislabel the package as containing "aluminum castings for use on boat." Defendant directed the German to address the package to the "Captain, Trawler EXPLORER" at the Sunset Cove Marina in Stuart, Florida (Martin County), and to "leave my name off the address, ... it makes it less questions maybe." Defendant also asked the German to state the country of origin as "USA" to reduce chances of inspection of the package.

5.     On November 3, 2014, the German notified Defendant he had sent the package via FedEx. Defendant responded by email on November 4, 2014, "Seems it might be held is [sic] customs for some question./ Might be returned do not know/ Might be best for you to not remember who precisely you sent it to/ Please!/ More later".

6.     Defendant followed up with another email to the German, saying, "for certain it was taken by customs. So??/ No idea what now/ In any case please don't say who it was sent for if you are asked. It could cause me some trouble."

7.     Agents of the Homeland Security Investigations Bureau of the Department of Homeland Security (HSI) discovered the package containing the three lower receivers, upon its arrival at the FedEx hub in Memphis, Tennessee. The package was forwarded to HSI and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in Fort Pierce, Florida.

8.     On March 9, 2015, ATF and HSI agents learned that Defendant would be returning to the marina in Stuart, Florida, on board the vessel "EXPLORER." Defendant docked the EXPLORER at the marina around 6:00 in the evening on March 9. He then telephoned the dockmaster, and asked if he could pick up the package that was waiting for him.   The dockmaster told Defendant the package was secured in locked storage, but could be retrieved the next morning.

9.     On March 10, 2015, ATF SA Burroughs prepared the box that had been mailed from Germany and that contained three firearm lower receivers, to be delivered by FedEx. He placed his initials on the inside cover of the box.  Another ATF Agent acted undercover as a Sunset Cove Marina employee in the dockmaster's office. At that time, surveillance of the location to include the conveyance (motor vessel "EXPLORER") was maintained by law enforcement officers.

10.     Defendant again telephoned the dockmaster office at approximately 9:00 a.m., March 10, 2015, asking for his package.   After he was told the package was there, Defendant entered the dockmaster office and asked for his package.   The undercover ATF agent pointed out the package (containing the three automatic rifle lower receivers), sitting atop other packages and boxes waiting for their owners. Defendant took the package, and returned to the EXPLORER.

11.     At approximately 10:05 a.m., SA Burroughs and other ATF and HSI agents approached the EXPLORER on the dock, as a marine unit of Martin County Sheriff's Office came up alongside the EXPLORER in the water.   They arrived at the EXPLORER to see Defendant and his companion holding the mooring lines for EXPLORER, in the midst of casting off to depart aboard the vessel.   Defendant resecured the vessel and returned to the dock at the agents' request.

3

12.     ATF and HSI agents arrested Defendant and advised him of his *Miranda* rights. Defendant agreed to speak to the agents, and consented to the search of his vessel, EXPLORER. Searching below decks, the agents found the package from Germany containing the three lower receivers; the package had been opened, the seal broken, and the cardboard flaps informally refolded closed.

13.     The Defendant had not applied for or received registration of the three lower receivers in the National Firearms Registration and Transfer Record.

14.     Defendant had not applied for or received authorization to import the three lower receivers into the United States, as required under Title 26, United States Code, Section 5844.

15.     Defendant agrees that, had this case proceeded to trial, the Government would be required to prove the following elements of the charged crimes:

As to Count One:

First:      Defendant knowingly transported or caused to be transported, the firearm described in the indictment at the time and the place charged in the indictment;

Second:    The firearm was of a type required to be registered in the National Registry;

Third:     The firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record; and

Fourth:    The Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

As to Count Two:

First:      Defendant knowingly received or possessed, the firearm described in the indictment at the time and the place charged in the indictment;

Second:    The firearm was of a type required to be registered in the National Registry;

Third:     The firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record; and

4

Fourth:    The Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

As to Count Three:

First:    Defendant knowingly received or possessed, the firearm described in the indictment at the time and the place charged in the indictment;

Second:    The firearm was of a type required to be registered in the National Registry;

Third:    The firearm was imported or brought into the United States in violation of 26 U.S.C. § 5844; and

Fourth:    The Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.


WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/10/15                    By: _____

THEODORE M COOPERSTEIN
ASSISTANT UNITED STATES ATTORNEY

Date: 6/10/15                    _____

JAMES L. EISENBERG, ESQ.
ATTORNEY FOR Defendant

Date: 6/10/15                    _____

DAVID ROBERT SUTTON
Defendant