UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14021-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID ROBERT SUTTON,

    Defendant.

_____/



FILED by _____ D.C.

JUN 1 0 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** having come on to be heard upon the Order of Reference from the District Court for this Court to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above referenced case and this Court having conducted a change of plea hearing on June 10, 2015, this Court recommends to the District Court as follows:

    1.    On June 10, 2015, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter. At the outset of the hearing this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which had been entered into by the parties in this case. This Court reviewed that Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. This Court reviewed with the Defendant the maximum possible sentences as set forth in the Plea Agreement. The Defendant acknowledged that he understood any possible minimum and maximum penalties which could be imposed his case.

5. The Defendant pled guilty to the three count Indictment which charges the Defendant in Count One with transport and delivery in foreign and interstate commerce of an unregistered firearm, in violation of Title 26, United States Code, Section 5861(j); in Count Two with receipt and possession in foreign and interstate commerce of an unregistered firearm, in violation of Title 26, United States Code, Section 5861(d); and in Count Three with receipt and possession of an unregistered firearm imported and brought into the United States in violation of law, in violation of Title 26, United States Code, Section 5861(k).

6. The parties submitted a written Stipulated Factual Basis which was signed by counsel for the government, counsel for the Defendant, and the Defendant. The Defendant acknowledged that he has discussed this Stipulated Factual Basis with his counsel, he completely understands the Stipulated Factual Basis and agrees that this Stipulated Factual Basis accurately sets forth the facts in his case as he understands them to be. This Court finds that the factual basis sets forth all of the essential elements of the crimes to which the Defendant is pleading guilty as well as any sentencing enhancements and/or aggravating factors that may be applicable. Counsel for the government and counsel for the Defendant agreed that the Stipulated Factual Basis need not be read into the record since the original has been signed by all parties, including the Defendant, and the original will be filed with the Court.

7. The Plea Agreement contains a waiver of appeal. This Court read the waiver of appeal word for word to the Defendant on the record and questioned the Defendant thereafter. The Defendant acknowledged on the record in response to this Court's questions that by entering into the Plea Agreement containing the appeal waiver, that the Defendant was waiving or giving up all rights to appeal any sentence imposed by the District Court in this case except under the limited circumstances contained within the appeal waiver provision read to the Defendant from the Plea Agreement.

8. The Defendant also agreed to voluntarily abandon and forfeit to the United States all of his right, title and interest to the items which are subject to forfeiture pursuant to Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 924(d)(1).

9. Based upon all of the foregoing and the plea colloquy conducted by this Court, this Court recommends to the District Court that the Defendant be found to have freely and voluntarily entered his guilty plea to the three count Indictment as more particularly described herein, and that the Defendant be adjudicated guilty of those offenses.

10. A pre-sentence investigation is being prepared for the District Court by the United States Probation Office and sentencing has been set for **Tuesday, August 18, 2015, at 11:30 a.m., at the United States Courthouse, Courtroom 4008, 101 South U.S. Highway 1, Fort Pierce, Florida.**

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's plea of guilty be accepted, the Defendant be adjudicated guilty of the offenses to which he has entered his plea of guilty and be found to have forfeited his right, title and interest in certain property and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _10_ day of June, 2015, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Robin L. Rosenberg
AUSA Theodore M. Cooperstein
James L. Eisenberg, Esq.
U. S. Probation
U. S. Marshal