UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-14021-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID ROBERT SUTTON,

        Defendant.
_____/

<u>UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE</u>

        Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney, moves this Honorable Court to enter a preliminary order of forfeiture in the above-styled cause. As grounds therefore, plaintiff would state as follows:

        1.    On March 19, 2015, a federal grand jury sitting in the Southern District of Florida returned an Indictment against the defendant David Sutton charging him with violations of 26 U.S.C. §§ 5861(d), (j),(k), and 5871.

        2.    The Indictment further sought the forfeiture, pursuant to 28 U.S.C. § 2461 and 26 U.S.C. § 5872 of three (3) lower receivers for M-16 machine guns.

        3.    On June 10, 2015, the defendant David Sutton entered a plea of guilty to counts One through Three of the Indictment which charged the defendant with transport and delivery in foreign and interstate commerce of an unregistered firearm in violation of 26 U.S.C. § 5861(j), receipt and possession in foreign and interstate commerce of an unregistered firearm in violation of 26 U.S.C.

1

§ 5861(d), receipt and possession of an unregistered firearm imported and brought into the United States in violation of 26 U.S.C. § 5861(k).

4. Pursuant to the plea and plea agreement, the defendant has agreed to forfeit three (3) lower receivers for M-16 machine guns to the United States.

5. The Court's jurisdiction in this matter is founded upon 26 U.S.C. § 5872 and 28 U.S.C. §2461. Title 26, United States Code, Section 5872 provides in pertinent part for the forfeiture of a firearm which is involved in a violation of 26 U.S.C. § 5861. A firearm includes a receiver for a machine gun. 26 U.S.C. § 5845(b).

6. Title 28, United States Code, Section 2461(c) authorizes the criminal forfeiture upon conviction because forfeiture is authorized under 26 U.S.C. § 5872 for a violation of 26 U.S.C. § 5861. Section 2461(c) states that:

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set set forth in section 413 of the Controlled Substances Act (21 U.S.C. 853), other than subsection (d) of that section.

7. 21 U.S.C. § 853(g) provides:

> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to or derived from property ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties.

8.  Additionally, Fed. R. Crim. P. 32.2(b)(1) and (2) provide in pertinent part that:

> (A)**Forfeiture Determinations**. As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the govenment has established the requisite nexus between the property and the offense...
>
> (B) **Evidence and Hearing**. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable...
>
> (2)**Preliminary Order**:
> **(A) Contents of a Specific Order.** If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

The entry of the order of forfeiture authorizes the Attorney General to seize the property subject to forfeiture, to conduct any discovery that the court considers proper to help identify, locate, or dispose of the property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of third parties. Fed. R. Crim. P. 32.2(b)(3).

9.  Based upon the plea and plea agreement, and pursuant to 28 U.S.C. § 2461, 26 U.S.C. § 5872, and the procedures set forth in Fed. R. Crim. P. 32.2(b), the United States requests that the Court enter the attached proposed preliminary order of forfeiture.

## CONCLUSION

The United States requests the entry of the attached proposed Preliminary Order of Forfeiture pursuant to 28 U.S.C. § 2461 and 26 U.S.C. § 5872.

                                                  Respectfully submitted,

                                                  WIFREDO A. FERRER
                                                  UNITED STATES ATTOR

                                BY:   s/ Antonia J. Barnes
                                          ANTONIA J. BARNES (FBN 261777)
                                          Assistant U.S. Attorney
                                          Antonia.Barnes@usdoj.gov
                                          United States Attorney's Office
                                          500 S. Australian Ave., Ste. 400
                                          West Palm Beach, Fl. 33401-6235
                                          Telephone: (561) 820-8711
                                          Facsimile: (561) 655-9785
                                          Attorney for United States

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF on July 20, 2015, on the counsel or parties of record as indicated below.

                                                  s/ Antonia J.Barnes
                                                  ANTONIA J. BARNES

## SERVICE LIST

                      United States v. David Robert Sutton
                    Case No. 15-14021-CR-ROSENBERG/LYNCH

       United States District Court, Southern District of Florida

Antonia J. Barnes
Assistant U.S. Attorney
Antonia.Barnes@usdoj.gov
U.S. Attorneys Office
500 S. Australian Ave., Ste. 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 655-9785
Attorney for Plaintiff United States
[Service via CM/ECF]

Theodore M. Cooperstein
Assistant U.S. Attorney
theodore.cooperstein2@usdoj.gov
U.S. Attorneys Office
101 South U.S. Hwy. 1, Ste. 3100
Fort Pierce, FL 34950
Telephone: (772) 466-0899
Facsimile: (772) 466-1020
Attorney for Plaintiff United States
[Service via CM/ECF]

James L. Eisenberg, Esq.
bigjimlaw@aol.com
250 Australian Avenue South
West Palm Beach, FL   33401
Telephone: (561) 659-2009
Facsimile: (561) 659-2380
Attorney for Defendant David Sutton
[Service via CM/ECF]