USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                    Page 1 of 6

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Fort Pierce Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| **DAVID ROBERT SUTTON** | Case Number: **15-14021-CR-ROSENBERG** |
| | USM Number: **07520-104** |

Counsel For Defendant: **James Eisenberg, Esq**
Counsel For The United States: **Theodore Cooperstein, AUSA**
Court Reporter: **Gizella Baan-Proulx**

**The defendant pleaded guilty to count(s) one, two, and three of the indictment.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 26 U.S.C. §§5861(j) and 5871 | Unlawful transport and delivery of an unregistered firearm | 11/03/2014 | 1 |
| 26 U.S.C. §§5861(d) and 5871 | Unlawful receipt and possession of an unregistered firearm | 03/10/2015 | 2 |
| 26 U.S.C. §§5861(k) and 5871 | Unlawful receipt and possession of a firearm that had been imported into the United States | 03/10/2015 | 3 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**All remaining counts are dismissed on the motion of the government.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **8/18/2015**

**Robin L. Rosenberg**
**United States District Judge**

Date: _____ **8/18/2015** _____

DEFENDANT: **DAVID ROBERT SUTTON**
CASE NUMBER: **15-14021-CR-ROSENBERG**

## PROBATION

The defendant is hereby sentenced to probation for a term of <u>**Three (3) years probation as to count one, two, and three to be served concurrently. As a condition of probation, the defendant shall serve 120 days (4 months) of home detention with electronic monitoring to commence on December 1, 2015.**</u>

The defendant shall not commit another federal, state or local crime.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **DAVID ROBERT SUTTON**
CASE NUMBER: **15-14021-CR-ROSENBERG**

## ADDITIONAL STANDARD CONDITIONS OF PROBATION

**Financial Disclosure Requirement**

**Home Detention with Electronic Monitoring**

**Permissible Search**

**Defendant shall file tax returns for tax years 2011, 2012, 2013, and 2014.**

**Random Drug Testing**

**Defendant is permitted to travel for work purposes with prior approval from the United States Probation Office while serving probation.**

DEFENDANT: **DAVID ROBERT SUTTON**
CASE NUMBER: **15-14021-CR-ROSENBERG**

## SPECIAL CONDITIONS OF SUPERVISION

**Financial Disclosure Requirement** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Permissible Search** - The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Home Detention with Electronic Monitoring** - The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of 120 days to commence on December 1, 2015. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

**Random Drug Testing** – The defendant shall submit to random drug testing.

**Defendant shall file tax returns for tax years 2011, 2012, 2013, and 2014.**

**Defendant is permitted to travel for work purposes with prior approval from the United States Probation Office while serving probation.**

DEFENDANT: **DAVID ROBERT SUTTON**
CASE NUMBER: **15-14021-CR-ROSENBERG**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $300.00 | $30,000.00 | $0.00 |

**If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.**

| NAME OF PAYEE | TOTAL LOSS* | RESTITUTION ORDERED | PRIORITY OR PERCENTAGE |
|---|---|---|---|
|  |  |  |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

DEFENDANT: **DAVID ROBERT SUTTON**
CASE NUMBER: **15-14021-CR-ROSENBERG**
### SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $300.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| CASE NUMBER DEFENDANT AND CO-DEFENDANT NAMES (INCLUDING DEFENDANT NUMBER) | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.